UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES LEE PITTMAN, JR., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: 2:14-cv-87-WHA |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| SANTANDER CONSUMER USA, | ) |
| INC.; | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff James Lee Pittman, Jr. brings this action for actual and statutory damages, attorneys' fees, and costs for Defendant Santander Consumer USA, Inc.'s ("Santander") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for Defendant Santander's violations of Alabama's common laws as set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the

Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

1.     James Lee Pittman, Jr. ("Mr. Pittman") is an adult resident of

Montgomery County, Alabama.  Mr. Pittman currently resides at 6173

South Hampton Drive in the City of Montgomery in Montgomery

County, Alabama.

2.     Santander is an Illinois corporation with its principal office located in

Dallas, Texas.  Santander has conducted business in Montgomery

County, Alabama during the time period pertinent to the allegations in

this Complaint.  Upon information and belief, Santander is a "debt

collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

3.     On or about February 16, 2011, Plaintiff filed a lawsuit styled *James*

*Lee Pittman, Jr. v. Santander Consumer USA, Inc., et al.*, Case

Number 2:11-cv-00531 in the United States District Court for the

Northern District of Alabama.  In that case, Plaintiff alleged violations

of the Fair Debt Collection Practices Act ("FDCPA") and the

Telephone Consumer Protection Act ("TCPA") among other causes of

action relating to an alleged debt that Plaintiff allegedly owed to a

company called Drive Financial and that Defendant Santander was
attempting to collect from Plaintiff.

4.   That case was ultimately compelled to arbitration where Plaintiff filed
his Arbitration Complaint styled *James Lee Pittman, Jr. v. Santander
Consumer USA, Inc., et al.*, Case Number 30-434-E-00545-11.

5.   Plaintiff and Defendants, including the Defendant in this case,
Santander Consumer USA, Inc., settled the arbitration case and
entered into a settlement agreement.

6.   Plaintiff executed the settlement agreement on or about January 3,
2012.

7.   Defendant Santander, executed the settlement agreement on or about
January 12, 2012.

8.   As part of the settlement agreement, Plaintiff voluntarily surrendered
a vehicle he purchased and, in exchange, Defendant Santander agreed
to waive any deficiency balance allegedly owed by Plaintiff.

9.   On March 1, 2013, Santander sent Plaintiff an email offering to settle
the deficiency balance Santander claimed Plaintiff owed.  The email
explicitly states that "This is an attempt to collect a debt and any
information obtained will be used for that purpose.  The

communication is from a debt collector." A copy of this email is attached hereto as "Exhibit A."

10. On March 8, 2013, Santander sent another email regarding collection of the deficiency balance. A copy of this email is attached hereto as "Exhibit B."

11. These collection efforts were made despite the fact that Santander explicitly agreed to waive any deficiency balance in exchange for Plaintiff's surrendering the vehicle.

## COUNT ONE
## VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

12. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

13. The foregoing acts and omissions of Defendant and its employees and agents constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

14. As a direct and proximate result of the wrongful conduct visited upon him by Santander in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety,

embarrassment, physical pain, mental anguish and emotional distress.

15. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

Wherefore, Plaintiff seeks judgment in his favor against Defendant for compensatory damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT TWO
## NEGLIGENCE

16. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

17. Defendant and its employees or agents failed to prevent and/or negligently participated in improper collection activities in the course of collecting a debt allegedly owed by Plaintiff.

18. Defendant and its agents and employees owed a duty to the Plaintiff to not violate the FDCPA and also not to cause him harm in the course

of collecting debts allegedly owed by Plaintiff.

19.   Defendant, through its agents and employees, breached that duty

causing Plaintiff harm, including but not limited to, worry, stress,

anxiety, embarrassment, physical pain, mental anguish and emotional

distress.

20.   Defendant's employees and agents' negligent acts and omissions were

done within the scope of employment and within the line and scope of

job duties with Santander.

Wherefore, Plaintiff seeks judgment in his favor against Defendant for

compensatory damages in such a sum as the jury may assess along with such other

and further relief as may be necessary, just and proper.

## COUNT THREE
## WANTONNESS

21.   Plaintiff re-alleges and incorporates the preceding paragraphs and

subsequent factual averments of this Complaint as if fully set forth

herein.

22.   Defendant's employees or agents acted or failed to act with a reckless

or conscious disregard of the rights of Plaintiff with an awareness that

harm likely or probably would result.

23.   As a result of Defendant's wanton conduct, Plaintiff suffered harm

including, but not limited to, stress, anxiety, embarrassment, physical
pain, mental anguish and emotional distress.

24.    Defendant's employees or agents were acting within the line and
scope of their employment when they caused Plaintiff's harm.

Wherefore, Plaintiff seeks judgment in his favor against Defendant for
compensatory and punitive damages in such a sum as the jury may assess along
with such other and further relief as may be necessary, just and proper.

## COUNT FOUR
## BREACH OF CONTRACT

25.    Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

26.    Plaintiff entered into a contract with Defendant which provided a
waiver of any deficiency balance upon Plaintiff's voluntary surrender
of his vehicle.

27.    Plaintiff surrendered his vehicle as agreed.

28.    Defendants breached the contract by continuing to attempt to collect
the deficiency balance despite Plaintiff's surrender of his vehicle.

29.    As a result of the Defendants' breach of contract, Plaintiff has been
caused to suffer damage.

Wherefore, Plaintiff seeks judgment in his favor against Defendants for

compensatory damages in such sums as the jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

## COUNT FIVE
## FRAUD (INTENTIONAL FALSE STATEMENT)

30.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.    Defendant intentionally made false statements regarding important facts that caused Plaintiff harm.  Specifically, Defendant stated and represented to Plaintiff that Plaintiff's alleged deficiency balance would be waived if he surrendered his vehicle per the agreement between the parties.

32.    Said statements by Defendant were false and Defendant knew the statements were false when made.

33.    When said statements were made, Plaintiff did not know that they were false.

34.    Defendant intended for Plaintiff to rely on said statements.

35.    Plaintiff reasonably relied on said statements.

36.    Plaintiff was harmed by said statements.

Wherefore, Plaintiff seeks judgment in his favor against Defendant for compensatory and punitive damages in such a sum as the jury may assess along

with such other and further relief as may be necessary, just and proper.

## COUNT SIX
## FRAUD (RECKLESS FALSE STATEMENT)

37.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.  Defendant recklessly made false statements regarding important facts that caused Plaintiff harm. Specifically, Defendant stated and represented to Plaintiff that Plaintiff's alleged deficiency balance would be waived if he surrendered his vehicle per the agreement between the parties.

39.  Said statements by Defendant were made without knowing if the statements were true or not.

40.  When said statements were made Plaintiff did not know that they were false.

41.  Defendant intended for Plaintiff to rely on said statements.

42.  Plaintiff reasonably relied on said statements.

43.  Plaintiff was harmed by said statements.

Wherefore, Plaintiff seeks judgment in his favor against Defendant for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SEVEN
## FRAUD (MISTAKEN FALSE STATEMENT)

44.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.    Defendant mistakenly or innocently made false statements regarding important facts that caused Plaintiff harm.  Specifically, Defendant stated and represented to Plaintiff that Plaintiff's alleged deficiency balance would be waived if he surrendered his vehicle per the agreement between the parties.

46.    Said statements by Defendant were false.

47.    Defendant intended for Plaintiff to rely on said statements.

48.    Plaintiff reasonably relied on said statements.

49.    Plaintiff was harmed by said statements.

Wherefore, Plaintiff seeks judgment in his favor against Defendant for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SEVEN
## FRAUD (DECEIT)

50.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.   Defendant intentionally made false statements regarding important facts that caused Plaintiff harm.  Specifically, Defendant stated and represented to Plaintiff that Plaintiff's alleged deficiency balance would be waived if he surrendered his vehicle per the agreement between the parties.

52.   Said statements by Defendant were false.

53.   Defendant knew that its statements were false and Plaintiff did not know that the statements were false.

54.   Plaintiff acted to his detriment and was harmed by said statements.

Wherefore, Plaintiff seeks judgment in his favor against Defendant for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT EIGHT
## FRAUD (CONCEALMENT)

55.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.   Defendant withheld or hid important facts from Plaintiff. Specifically, Defendant stated and represented to Plaintiff that Plaintiff's alleged deficiency balance would be waived if he surrendered his vehicle per the agreement between the parties.

57.   Plaintiff did not know of the important facts that Defendant would
continue to attempt to collect the alleged deficiency balance despite
Plaintiff's actions in accordance with the agreement between the
parties.

58.   As a result of Defendant's deceptions, Plaintiff acted to his detriment
and was harmed.

59.   Defendant was under an obligation to make known to Plaintiff that it
would continue to attempt to collect the alleged deficiency balance
despite Plaintiff's actions in accordance with the agreement between
the parties.

Wherefore, Plaintiff seeks judgment in his favor against Defendant for
compensatory and punitive damages in such a sum as the jury may assess along
with such other and further relief as may be necessary, just and proper.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the foregoing averments
considered, Plaintiff demands judgment against the Defendants as follows:

(A)   Declaratory judgment that Defendant Santander's conduct violated the
FDCPA;

(B)   Statutory damages of One Thousand Dollars ($1,000.00) from Defendant

Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(C)     Actual damages for Defendant Santander's violations of the FDCPA;

(D)     Costs and reasonable attorneys' fees from Defendant Santander for

violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(E)     Compensatory and punitive damages against Defendants on Plaintiff's

state law claims; and

(F)     Such other relief that this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

W. Whitney Seals
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@plc-law.com

**PLAINTIFF REQUESTS THAT THE DEFENDANT BE SERVED VIA
CERTIFIED MAIL RETURN RECEIPT REQUESTED AT THE FOLLOWING
ADDRESS:**

**Santander Consumer USA, Inc.**
c/o CT Corporation System (Alabama Registered Agent)
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104