IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES LEE PITTMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number 2:14cv87-WHA |
| ) | |
| SANTANDER CONSUMER USA, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on Defendant Santander Consumer USA, Inc.'s Motion to Compel Arbitration and to Dismiss (Doc. # 7).

The Plaintiff, James Lee Pittman, Jr., originally filed his Complaint in this case on February 10, 2014.  He brings claims for violation of the Fair Debt Collection Practices Act ("FDCPA")(Count One), negligence (Count Two), wantonness (Count Three), breach of contract (Count Four), fraud—intentional false statement (Count Five), fraud—reckless false statement (Count Six), fraud—mistaken false statement and deceit (Count Seven), and fraud--concealment (Count Eight).

For the reasons which follow, the Motion to Compel Arbitration and to Dismiss is due to be GRANTED.

**II. STANDARD FOR A MOTION TO COMPEL ARBITRATION**

Pursuant to the Federal Arbitration Act, a written arbitration "provision in any . . . contract evidencing a transaction involving commerce . . . [is] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

Section 4 of the FAA allows a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" to petition the court "for an order directing that such arbitration proceed." 9 U.S.C. § 4. When a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court is required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.*

### III.  FACTS

The submissions of the parties establish the following facts:

The Plaintiff, James Lee Pittman, Jr. ("Pittman"), on October 12, 2006, obtained a loan for the purchase of a motor vehicle from Jack Ingram Motors Inc. and entered into a Simple Interest Retail Installment Contract ("the Contract"). The contract included an arbitration clause, which required arbitration of disputes which arise out of or relate to the Contract, and which also provided that the arbitration clause survived termination of the Contract. The Contract with Jack Ingram Motors Inc. was assigned to Santander Consumer USA, Inc. ("Santander").

In 2011, Pittman filed a lawsuit against Santander in the United States District Court for the Northern District of Alabama. That suit asserted violations of the FDCPA and the Telephone Consumer Protection Act ("TCPA"), among other claims, in connection with the purchase of the vehicle.

The case was ordered to arbitration, but the parties entered into a Confidential Settlement Agreement and General Release ("Settlement Agreement") and settled the case. The Settlement Agreement contained an "entire agreement" clause which stated as follows:

> This Agreement sets forth the entire agreement between the undersigned, and fully supersedes any and all prior and/or contemporaneous agreements or understandings between the undersigned, which *pertain to the subject matter*

> *hereof.* The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Agreement.

Confidential Settlement Agreement and General Release, at page 4 (emphasis added).[1]

In March 2013, Santander allegedly sent two emails in an attempt to collect on the deficiency balance for the motor vehicle which was the subject of the Contract and Settlement Agreement.

Pittman brought the federal statutory and state law claims in this case based on that conduct by Santander.

### IV.  DISCUSSION

Santander moves to compel arbitration, arguing that Pittman entered into the Contract, which contained an arbitration agreement, and that the claims in this case are related to the Contract.  Santander points out that the arbitration clause in the Contract contains a survival clause which provides that it survives the termination, payoff, or transfer of the Contract and cites cases which have concluded that disputes arising after termination of the parties' agreement are still subject to arbitration where the arbitration provision contains a survival clause.  *See, e.g., Bagley v. Allied Domecq Spirits & Wine USA, Inc.*, Civ. A. 3:06cv617-G, 2006 WL 2035660, at *2 (N.D. Tex. July 19, 2006).

Pittman concedes that the Contract for the sale of the motor vehicle contained an arbitration provision. Pittman argues, however, that his previous suit was resolved by settlement, and that the Settlement Agreement did not contain an arbitration agreement, so his current claims

---

[1] The court notes that the Settlement Agreement was filed under seal. The court has referred in this Memorandum Opinion and Order to language in that Settlement Agreement which was quoted in Pittman's brief, which has not been placed under seal.

cannot be compelled to arbitration. He argues that the Settlement Agreement is a superseding agreement that takes the place of the original Contract. He cites to language in the Settlement Agreement that it "sets forth the entire agreement" and "fully supersedes any and all prior and/or contemporaneous agreements or understandings between the undersigned, which pertain to the subject matter hereof." Pittman also argues that the Settlement Agreement intended to refer to both contracts because the Settlement Agreement specifically refers to the Contract in the "Recitals" section.

Pittman relies on the Eleventh Circuit's recent decision *Dasher v. RBC Bank (USA)* __ F.3d __, No. 13-10257, 2014 WL 504704 (11th Cir. Feb. 10, 2014). In *Dasher*, there was an account agreement between customers and RBC Bank which contained an arbitration clause. RBC Bank was then acquired by PNC Financial Services Group, Inc., which issued its account agreement which " 'superseded all prior versions' of the account agreement, did not contain an arbitration clause, and did not mention arbitration at all." *Id.* at *1,*4. The Eleventh Circuit determined that the PNC Financial Services Group, Inc. contract controlled and RBC could not compel arbitration. *Id.* at *14. The Eleventh Circuit explained that the presumption of arbitrability under the Federal Arbitration Act does not apply to a determination of whether an agreement to arbitrate has been made. *Id.* at *3. The court reasoned that instead, courts apply state contract formation law principles to determine whether the parties revealed an intent to submit the dispute to arbitration. *Id.* The Eleventh Circuit acknowledged that in cases involving the waiver of an arbitration provision, courts have found that arbitration can only be waived by clear language, and not silence. *Id.* at *6. The court explained that in the waiver cases, "the prior agreement remained effective to some extent for various reasons . . . ." *Id.* at *7. The Eleventh Circuit distinguished those cases, however, and stated that the RBC agreement was

completely superseded by express language that the most current version of the contract governed and all prior versions were superseded.  *Id.* at *4.   The court held that if a subsequent agreement only partially supersedes a prior agreement, amends it, or waives some but not all of its provisions, the court must then determine if the arbitration provision was waived, but if the subsequent agreement entirely supersedes the prior agreement, the court applies state law principles to determine whether the subsequent agreement alone supports arbitration.   *Id.* at *10.

Although *Dasher* is significantly different from this case in that it involved a successor company which had entered into a new agreement to replace a previous agreement by a predecessor company, not a settlement agreement resolving a dispute arising from the original contract, and applied North Carolina, not Alabama law, it does provide a framework of analysis.  Therefore, this court must first determine whether the Settlement Agreement completely supersedes the previous contract under state law, or whether the Contract remains effective in some respect.

"Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract." *Homes of Legend, Inc. v. McCollough*, 776 So.2d 741, 746 (Ala.2000). "Whether a contract is integrated is ordinarily a question of law for the court to decide." *Cavalier Mfg., Inc. v. Clarke*, 862 So.2d 634, 640 (Ala. 2003).   When parties execute successive agreements and the "two agreements cover the same subject matter and include inconsistent terms, the later agreement supersedes the earlier agreement."  *Id.* at 641.

As noted earlier, Pittman bases his interpretation of the parties' intent on the inclusion within the Settlement Agreement of language, fully quoted earlier, that it "fully supersedes any and all prior and/or contemporaneous agreements or understandings between the undersigned, which pertain to the subject matter hereof."

Santander responds that the purpose of that clause is to preclude parol evidence from disproving the terms of the settlement. Santander argues that if the Settlement Agreement completely superseded the previous retail installment contract, Pittman could not bring a FDCPA claim, because there would be no consumer "debt." Santander also argues that a contract which is silent as to arbitration is not inconsistent with a contract which contains an arbitration clause.

Santander's argument with respect to the "entire agreement" clause is consistent with Alabama case law. The Alabama Supreme Court has explained, in a case which enforced an arbitration provision, that the purpose of a such clauses is to ensure that "preliminary negotiations, whether oral or written, are either memorialized in the final contract or are not considered part of it." *Infiniti of Mobile, Inc. v. Office*, 727 So.2d 42, 46 (Ala. 1999).

In *Dasher*, the Eleventh Circuit indicated that a clause which states that the agreement is the entire agreement only as to the subject matter of the contract itself, is not effective as a complete supersession of the previous contract. The *Dasher* court pointed to a case in which a subsequent agreement was silent on arbitration and "expressly stated that it superseded the prior agreement," but was "explicitly limited to 'matters covered by' [the subsequent] agreement," as an example of a case in which the later contract did not completely supersede the original contract. *Dasher*, 2014 WL 504704 at *7, 8 (quoting *Sher v. Goldman Sachs*, No. CCB–11–2796, 2012 WL 1377066, at *1–2 (D. Md. Apr. 19, 2012)). In contrast, the subsequent contract in *Dasher* superseded the earlier one in its entirety. *Id.* at *8.

This analysis is consistent with the Alabama Supreme Court's decision in *Ex parte Conference America, Inc.*, 713 So.2d 953 (Ala. 1998), in which the Court found arbitration to be inappropriate where a contract stated broadly that it "shall constitute the entire agreement"

between the parties, finding that the use of that broad language precluded consideration of an arbitration clause found only in an earlier agreement.

In a case cited by Santander, the Alabama Supreme Court applied New York law, which does not appear to be inconsistent with the Alabama cases discussed herein, to a case involving a limited entire agreement clause and found the presumption in favor of arbitrability required enforcement of an arbitration clause in an earlier agreement. *Regions Bank v. Baldwin Cnty. Sewer Serv., LLC*, 106 So. 3d 383, 389 (Ala. 2012).   The court reasoned that while the clause in that case ensured that the contract constituted the entire agreement for one purpose, it did not have an effect on the terms of earlier agreements, "including the scope of the arbitration clauses in those agreements."   *Id.* at 390.

In this case, the "entire agreement" clause of the Settlement Agreement did not broadly state that it is the entire agreement, but instead, as in *Sher*, stated that it supersedes any previous agreements "which pertain to the subject matter hereof", ie., the Settlement Agreement.   That limiting language appears to be sufficient to remove it from the category of "entirely superseding" contracts, as identified by the Eleventh Circuit.

Pittman has argued that the "entire agreement" in the Settlement Agreement ought to be read to include the Contract because the Contract is referenced in the recitals of the Settlement Agreement.   The reference to the Contract was not in the "Release and Agreement" section of the Settlement Agreement, however, to which the "Entire Agreement" clause referred.   The historical note included in the Recitals that a Contract was entered into, and which is not found in the substantive provisions of the Settlement Agreement, is not the "subject matter hereof"--the Settlement Agreement.

In this case, the court must conclude that, in applying Alabama law within the framework provided by the Eleventh Circuit, the language of the Settlement Agreement that it is the entire agreement between the parties "which pertain to the subject matter hereof" is not sufficient to entirely supersede the Contract.[2]

As discussed, the argument Pittman has made in opposition to arbitration in this case is that the Settlement Agreement entirely superseded the Contract which contained the arbitration clause.  Having concluded otherwise, the court further finds that arbitration was not waived by clear language in the Settlement Agreement.  *Dasher*, 2014 WL 504704, at *6.  The claims in this case, therefore, will be compelled to be submitted to arbitration.

Santander has sought dismissal of the case, not a stay, citing cases in which dismissal was found to be appropriate where no substantive claims were left pending after compelling arbitration. *See, e.g., Clayton v. Woodmen of the World Life Ins. Soc.*, 981 F. Supp. 1447 (M.D. Ala. 1997).  In light of the plain language of 9 U.S.C. § 3, which requires a stay upon application for a stay by one of the parties, in this case where neither party has requested a stay, but the Defendant has requested dismissal, and finding dismissal appropriate, the court will dismiss the claims.

## V.   CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Compel Arbitration and DISMISS (Doc. #7) is GRANTED.

---

[2] An interpretation that the Contract is not entirely superseded but is effective for at least some purposes seemingly preserves the "debt" which forms the basis of Pittman's federal claim in the instant case.

2. The Plaintiff must submit his claims to arbitration in accordance with the terms of the arbitration agreement contained in the Contract.

3. This case is DISMISSED.

Done this 24th day of April, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE